IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01432-BNB

RICHARD P. STEWART,

    Plaintiff,

v.

WESTMINSTER POLICE DEP'T,
LEE BIRK (Official & Individual Capacity),
STEVE ROLL (Official & Individual Capacity),
TAMMY CONNOLLY (Individual Capacity), and
CONNOLLY'S TOWING INC. (Official & Individual Capacity),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Richard P. Stewart, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Stewart initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 3) pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights to due process and equal protection have been violated. On June 12, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Stewart to file an amended complaint that clarifies the claims he is asserting in this action. On July 8, 2013, Mr. Stewart filed an amended Prisoner Complaint (ECF No. 8). He seeks damages as relief.

    Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Stewart's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is

required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Stewart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Stewart's claims in the amended Prisoner Complaint arise out of the sale of his car, which was impounded when he was arrested in April 2011. Mr. Stewart alleges that, while his direct appeal from his criminal conviction was pending in 2012, the car and its contents were released from evidence without judicial authorization pursuant to instructions from Defendant Steve Roll, a police detective for the Westminster Police Department. Mr. Stewart further alleges that, pursuant to Colorado state law, the car was deemed abandoned in July 2012 and sold by Defendant Westminster Police Department to Defendant Connolly's Towing, Inc., the owner of the impound lot where the car had been stored. The other Defendants in this action are Westminster Police Chief Lee Birk, who allegedly failed to ensure that Detective Roll followed proper

procedures, and Tammy Connolly, an employee of Connolly's Towing, Inc., who allegedly wrote a letter to Mr. Stewart regarding the towing, impound, and storage fees for his car.

On the basis of these factual allegations, Mr. Stewart claims that each Defendant has violated his constitutional rights to due process and equal protection. Mr. Stewart concedes that he previously filed a lawsuit in Colorado state court asserting due process and equal protection claims against the same Defendants and that the state court lawsuit was dismissed on summary judgment in April 2013.

Without considering whether Mr. Stewart's due process and equal protection claims against Defendants may be barred by an affirmative defense or whether each of the Defendants is a state actor subject to suit under § 1983, the Court finds that the claims in the amended Prisoner Complaint must be dismissed as legally frivolous. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

In the order directing him to file an amended complaint, Magistrate Judge Boland specifically advised Mr. Stewart that, for each claim he asserts, he must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Stewart that, although *pro se* pleadings must be construed liberally, this general rule has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these instructions, Mr. Stewart fails to allege specific facts in support of the constitutional claims he is asserting. With respect to the asserted violations of his right to equal protection, Mr. Stewart makes no allegation that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

With respect to his due process claims, Mr. Stewart fails to allege the deprivation of any constitutionally protected interest in his property without adequate due process. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The fact that Mr. Stewart's car was released from evidence while his direct appeal was pending and deemed abandoned and sold pursuant to Colorado statutes regarding abandoned vehicles, *see* Colo. Rev. Stat. §§ 42-4-1801, et seq., does not demonstrate a denial of due process. In fact, according to the state court order dismissing Mr. Stewart's claims against Defendants Tammy Connolly and Connolly's Towing, Inc., a portion of which Mr. Stewart attached to his original Prisoner Complaint in this action, "the seizure, hold pending trial, and release and sale of [Mr. Stewart's car] were executed in accordance with Colorado law." (ECF No. 3-1 at pp.3-4.) In reaching this conclusion the state court specifically rejected Mr. Stewart's contention, which appears to be his primary argument

in the amended Prisoner Complaint, that judicial authorization was required before his car could be released from evidence or sold as an abandoned vehicle.  (*See* ECF No. 3-1 at p.3.)

For these reasons, Mr. Stewart's vague and conclusory due process and equal protection claims in the amended Prisoner Complaint will be dismissed as legally frivolous.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of   July  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court